IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY WELLS, # 210728, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:14cv1222-MHT |
| ) | (WO) |
| KARLA JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Jimmy Wells ("Wells"). *See* Doc. Nos. 1 and 3.[1]

**I.   BACKGROUND**

On January 27, 2010, in the Geneva County Circuit Court, Wells pled guilty to first-degree rape, in violation of § 13A-6-61, Ala. Code 1975. On May 26, 2010, the trial court sentenced Wells to life imprisonment under Alabama's habitual felony offender statute. Wells took no appeal.

On September 21, 2010, Wells filed a *pro se* petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. No. 10-4 at 43-55. In that petition, Wells presented various claims of ineffective assistance of counsel and contended that he was mentally incompetent when he entered his guilty plea and that his plea was therefore unknowing and involuntary. *Id.* The trial court conducted a hearing on the Rule 32 petition and subsequently denied the petition by order entered on August 9, 2011. *Id.* at 81-85, 111-32. The trial court

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

rejected Wells's ineffective-assistance-of-counsel claims and found that his guilty plea was knowing and voluntary. *Id*. at 82-84. However, the trial court's order did not specifically address Wells's mental incompetency claim. Wells took no appeal from the trial court's judgment.

On June 12, 2012, Wells filed a second Rule 32 petition with the trial court. *See* Doc. No. 10-4 at 3-34. Among various claims in the petition, Wells argued that he was mentally incompetent to enter his May 2010 guilty plea; that he was denied due process when the trial court failed to conduct a hearing regarding his mental competency before he entered his guilty plea; and that his trial counsel rendered ineffective assistance. In addition, Wells argued that the Rule 32 petition was not procedurally barred by the rule prohibiting successive petitions, because his new claims were jurisdictional claims not addressed on the merits during the proceedings on his first Rule 32 petition. *Id*.

Answering Wells's Rule 32 petition, the State argued that his claims were precluded from review under Alabama Rules of Criminal Procedure 32.2(a), (b), and (c) and that Wells had not met his pleading burden under Rules 32.3 and 32.6(b).² Doc. No. 10-4 at 35. On September 26,

---

² Rule 32.2(a) provides generally that Rule 32 petitioners will not be given relief based upon a ground that was raised at trial or on appeal, or that could have been raised at trial or on appeal, but was not. *See* Ala. R. Crim. P 32.2(a)(2)-(5).

Rule 32.2(b) generally bars non-jurisdictional claims from being presented in a second or subsequent Rule 32 petition. *See* Ala. R. Crim. P 32.2(b).

Rule 32.2(c) provides a one-year limitation period for Rule 32 petitions to be filed with the trial court, running from the issuance of the certificate of judgment or expiration of the time to file a direct appeal. *See* Ala. R. Crim. P 32.2(c).

Rule 32.3 states, in pertinent part, that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Ala. R. Crim. P. 32.3. Rule 32.6(b) provides:

> The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A

2012, the trial court entered an order denying Wells's Rule 32 petition as successive, finding that his claims were raised, or could have been raised, in his prior petition. *Id*. at 80.

Wells appealed, reasserting his claims that (1) he was mentally incompetent to enter his guilty plea and (2) he was denied due process when the trial court failed to conduct a hearing regarding his mental competency before he entered his guilty plea. Doc. No. 10-5. On August 22, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Doc. No. 10-7. Wells applied for rehearing, which was overruled by the Alabama Court of Criminal Appeals. Doc. Nos. 10-8 and 10-9. He then filed a petition for a writ of certiorari with the Alabama Supreme Court, which that court denied on November 14, 2014, the same date on which the court entered its certificate of judgment. Doc. Nos. 10-10 and 10-11.

On December 6, 2014, Wells initiated this federal habeas action by filing a § 2254 petition asserting these claims:

1. He was mentally incompetent to enter his guilty plea.

2. He was denied due process when the trial court failed to conduct a hearing regarding his mental competency before he entered his guilty plea.

3. His trial counsel's failure to seek a competency hearing constituted ineffective assistance of counsel.

Doc. No. 1 at 4-5; Doc. No. 3 at 5-8.

The respondents contend that Wells's claims are procedurally defaulted or meritless. Doc. Nos. 10 and 16. After careful review of Wells's petition, the undersigned finds that Wells is not

---

bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Ala. R. Crim. P. 32.6(b).

entitled to habeas relief and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Procedural Default

#### 1.  *Exhaustion Requirement*

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala. R. App. P. 39 and 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."

*Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2. *"Adequate and Independent State Ground" for Denying Relief*

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3. *Exceptions to Procedural Default*

A habeas petitioner can escape the procedural-default doctrine either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). Cause for a procedural default must

ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170; *see Murray*, 477 U.S. at 494. Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

### *4.  Wells's Defaulted Claims*

#### a.  Trial court's failure to conduct competency hearing

In his § 2254 petition, Wells argues that he was denied due process when the trial court failed to conduct a hearing regarding his mental competency before he entered his guilty plea. Doc. No. 1 at 4-5; Doc. No. 3 at 5. Wells presented this claim in his second Rule 32 petition and pursued it on appeal from the denial of that petition.

Addressing this claim in its opinion affirming the denial of the Rule 32 petition, the Alabama Court of Criminal Appeals held:

> Wells contends that the trial court, i.e., the guilty plea court, erred when it did not conduct a hearing to determine Wells's mental competency. Failure to conduct a competency hearing is a procedural due process claim, and as such, is subject to the procedural bars set forth in Rule 32, Ala. R. Crim. P. *See Nicks v. State*, 783 So. 2d 895, 907-09 (Ala. Crim. App. 1999); *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995), citing *Pate v. Robinson*, 383 U.S. 375, 384-86 (1966)). Therefore, as pleaded by the State, this claim is precluded by Rules 32.2(a), (b) and (c) Ala. R. Crim.P.

Doc. No. 10-7 at 7.

The Alabama Court of Criminal Appeals stated clearly and expressly that its decision on Wells's claim rested on the procedural bars found in Ala. R. Crim. P. 32.2(a), 32.2(b), and 32.2(c). These independent and adequate state procedural grounds are firmly established and regularly followed by Alabama appellate courts.[3] *See, e.g., Tucker v. State*, 696 So.2d 1170, 1171-73 (Ala. Crim. App. 2006) (Rules 32.2(a)(3) and (a)(5) and 32.2(c)); *Horsley v. State*, 675 So. 2d 908, 909 (Ala. Crim. App. 1996) (Rules 32.2(a)(3) and (a)(5), 32.2(b), and 32.2(c); *Brownlee v. Haley*, 306 F.3d 1043, 1065-66 (11th Cir. 2002) (regarding Rules 32.2(a)(3) and (a)(5): "If an Alabama court has denied post-conviction relief based on the petitioner's failure to raise a claim at trial or on direct appeal, a federal Court cannot review that claim unless" the cause-and-prejudice or actual-innocence exception applies); *Whitt v. State*, 827 So. 2d 869, 875-76 (Ala. Crim. App. 2001) (Rule 32.2(b)); *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006) (Rule 32.2(c)); *Hurth v. Mitchem*, 400 F.3d 857, 863 (11th Cir. 2005) (same); *Kuenzel v. Comm'r, Ala. Dep't of Corrs.*, 690 F.3d 1311, 1314 (11th Cir. 2012) (same). Wells's claim is procedurally defaulted for federal habeas review. *Atkins*, 965 F.2d at 955.

Wells does not demonstrate cause for his failure to present his defaulted claim to the state courts in compliance with applicable procedural rules. *See Murray*, 477 U.S. at 488; *Frady*, 456 U.S. at 170. Nor has he established a "fundamental miscarriage of justice." *Schlup*, 513 U.S. at 324-27. That alternative method of escaping procedural default requires a colorable showing of actual innocence, which Wells has not made. *Schlup* requires that a petitioner asserting his actual innocence support his claim "with new reliable evidence – whether it be exculpatory scientific

---

[3] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." 513 U.S. at 324. Wells's claim is therefore foreclosed from federal habeas review.

        b. <u>Trial counsel's failure to seek competency hearing</u>

Wells also claims that his trial counsel's failure to seek a competency hearing constituted ineffective assistance of counsel. Doc. No. 1 at 4-5; Doc. No. 3 at 7. He presented this claim in his second Rule 32 petition, but did not pursue it on appeal from the denial of that petition. The Alabama Court of Criminal Appeals therefore deemed the issue to have been abandoned for appellate review. *See* Doc. No. 10-7 at 6. This independent and adequate state procedural ground is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995). Wells again makes no argument to satisfy the standard of cause and prejudice or actual innocence. Therefore, this claim is procedurally defaulted and foreclosed from federal habeas review.[4]

**B. Claim Adjudicated on Merits by State Court**

    *1. Standard for Habeas Review*

When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, No. 5:07-cv-1222-IPJ-RRA, 2010 WL 9447204, at *7 (N.D. Ala. Sept. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based

---

[4] Because Wells did not pursue this claim on appeal from the denial of the Rule 32 petition, he also failed to exhaust the claim in the state courts by invoking a complete round of Alabama's established appellate review process. State procedural rules would bar him from returning to the state courts to attempt to exhaust the claim.

on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court

9

proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### *2.   Competency to Enter Guilty Plea*

Wells contends that he was mentally incompetent to enter his guilty plea. Doc. No. 1 at 4-5; Doc. No. 3 at 8.

The Alabama Court of Criminal Appeals addressed this claim on the merits in Wells's appeal from the denial of his second Rule 32 petition:

> This claim was [also] raised in Wells's first Rule 32 petition; however, it does not appear that the circuit court addressed this claim on the merits. The pleadings submitted in support of Wells's first petition were made part of the instant record. These pleadings disclose that, at defense counsel's request, Wells *was* subjected to a mental evaluation and that the trial court made a judicial finding that Wells was competent to stand trial. It is Wells's argument in the instant appeal that he was "erroneously ... determined by the trial court to be mentally competent to stand trial" because,
>
>> "[t]he trial court's decision on Wells's mental competency was based solely on the report submitted by Dr. McKeown which contained facts and determinations that were contradictory in that he considered Wells to be mentally competent in spite of the fact that he also considered him 'somewhat limited with regard to cognitive abilities' and that it would 'be necessary to provide some patient interaction and simplification of matters in the judicial arena' ... [and because] he had been declared mentally incompetent by the Social Security Administration and was receiving benefits for his disability."
>
> (Wells's brief at p. 24.)
>
> Wells did not sufficiently plead that he was incompetent to enter a guilty plea. Wells was required to plead facts that create a "'real, substantial and legitimate doubt'" as to his competency to stand trial before he was entitled to a hearing on his substantive incompetency claim. *Nicks*, 783 So. 2d at 909 (quoting *Medina v. Singletary*, 59 F. 3d 1095, 1106 (11th Cir. 1995). Incompetency to stand trial or enter a guilty plea involves more than simply alleging that the petitioner has mental problems or psychological difficulties. *See Bailey v. State*, 421 So. 2d 1364 (Ala. Crim. App. 1982). The test for determining whether a defendant is competent

10

to stand trial is whether he has sufficient present ability to consult with his counsel with a reasonable amount of rational understanding, and whether he has a rational as well as a factual understanding of the proceeding against him. *Id.* Wells's assertion that he is mildly retarded, receives Social Security Disability for his mental illness, and he was administered prescription drugs in the county jail before the guilty plea proceedings, if true, does not necessarily establish that he was mentally incompetent when he entered his guilty plea.

> "'[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial. *McCune v. Estelle*, 534 F.2d 611, 612 (5th Cir. 1976). The fact that a defendant has been treated with anti-psychotic drugs does not per se render him incompetent to stand trial. *Fallada [v. Dugger]*, 819 F.2d [1564] at 1569 [(11th Cir. 1987)]."

*Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995); "*Grider v. State*, 766 So. 2d 189 (Ala. Crim. App. 1999) (receiving Social Security disability insurance benefits does not alone establish that the recipient is incompetent), and *M.D. v. State*, 701 So. 2d 58 (Ala. Crim. App. 1997) (low IQ or borderline intelligence alone does not automatically render one incompetent)." *Harrison v. State*, 905 So. 2d 858, 862 (Ala. Crim. App. 2005). Wells did not allege any additional facts that if true would create a legitimate doubt that his mental-health issues rendered him incapable of understanding the proceedings or aiding his counsel. Accordingly, as pleaded by the State, Wells failed to meet his burden of pleading, and summary dismissal of this claim was appropriate. Rules 32.3 and 32.6(b) Ala. R. Crim. P.[5]

Doc. No. 10-7 at 7-9.

The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting defendants who are mentally incompetent. *See Pate v. Robinson*, 383 U.S. 375 (1966); *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). The standard for mental competency to stand trial is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks omitted).

---

[5] The denial of post-conviction relief under Rule 32.3 or Rule 32.6(b) is considered a ruling on the merits. *See Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011).

11

Among the facts known to the trial court at the time of Wells's guilty plea, based on the court-ordered mental evaluation, were that Wells had some cognitive limitations; that he had demonstrated mild mental retardation; that he had a history of alcohol- and drug-related substance abuse; and that for the past year-and-a-half he had been receiving treatment (which included prescribed medication) for mental-health-related problems that could be considered either a bipolar disorder with psychotic features or a schizoaffective disorder.  *See* Doc. No. 10-5 at 47-55.  However, the psychologist who conducted the mental evaluation of Wells opined that Wells was mentally competent to stand trial.  In pertinent part, the psychologist concluded:

> The Defendant at the current time is fully aware of the current charges and demonstrates a generally reasonable ability to appreciate, comprehend, and understand those charges.  He also has a reasonable ability to appreciate the range and nature of possible penalties that could associate with a conviction indicating that he could get a long jail sentence.  He is generally reasonable in his ability to apprise a likely outcome from a judicial proceeding.
>
> ….
>
> Mr. Wells demonstrates an adequate ability to appraise available legal defenses understanding the consequences for a guilty and not guilty plea and he appeared to comprehend an explanation of a mental state defense when that was discussed with him.  He was also provided an explanation of the planning of legal strategies such as a guilty plea to a lesser charge and he did appear to generally comprehend.
>
> Overall, this examiner would consider the Defendant capable of relating to and interacting with defense counsel but he will require some simplified explanation.  He would be considered also capable of providing at least some limited assistance to defense counsel in challenging prosecution witnesses.
>
> At the current time, there is not an indication of a likelihood of unmanageable behavior in the courtroom but it will be necessary to maintain the Defendant compliant with his current treatment and medication.  He would be considered capable of testifying in a concrete but relevant fashion if the need arose.
>
> Overall, this examiner would consider the Defendant somewhat limited with regard to cognitive abilities but capable of relating to and interacting with defense counsel and also capable of assuming the role of a defendant in a judicial proceeding.  It will be necessary to provide some patient interaction and

>    simplification of matters in the judicial arena but with that involvement he does demonstrate the ability to proceed
>
>    . . . .
>
>    This examiner would consider the Defendant currently capable of assisting defense counsel and also capable of assuming the role of a defendant in a judicial proceeding but it will be necessary to provide some simplification and concrete explanation of information to assist him.

Doc. No. 10-5 at 51-53.

As the Alabama Court of Criminal Appeals recognized in upholding the trial court, not every manifestation of low intelligence or mental illness demonstrates incompetence to stand trial. *See Medina*, 59 F.3d at 1107. The assessment and conclusions of the examining psychologist presented ample evidence of Wells's competence. "To sustain his present collateral claim that he was actually incompetent, [the petitioner] must bring forward facts that 'positively, unequivocally, and clearly generate a real, substantial and legitimate doubt' as to his mental capacity to assist in his trial defense." *Reese v. Wainwright*, 600 F.2d 1085, 1093 (5th Cir. 1979). The state appellate court's rejection of Wells's claim reflects a conclusion that all of the facts considered together were not sufficient to raise a bona fide doubt as to whether Wells, when he entered his guilty plea, had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he [had] a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402. Because that conclusion was neither contrary to, nor an unreasonable application of, clearly established federal law and it did it involve an unreasonable determination of the facts in light of the evidence presented, Wells is not entitled to federal habeas relief on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Wells be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before February 13, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 30th day of January, 2017.

    /s/   Wallace Capel, Jr.
WALLCE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE